THE CITY OF PENSACOLA, a Municipal Corporation, v. A. C. JOHNSON, H. MAHLON WEIS, and MAX L. BEAR.

28 So. (2nd) 905                          January Term, 1947
March 4, 1947                                       En Banc
Rehearing denied March 24, 1947

*F. Churchill Mellen,* for appellant.
*Yonge, Beggs & Lane,* for appellees.

BUFORD, J.:

In 1939 the Legislature of Florida enacted a Special Act, Chapter 20059. The pertinent parts of this Act are as follows:

"Section 1. The City of Pensacola, Florida is hereby empowered to construct, build, maintain and operate a free public library, a public auditorium, an armory, and a community center for recreational and cultural purposes, or a combination of any two or more of such facilities, and other public building dedicated by said City to public use, and said City be and it is hereby authorized to acquire lands for any such purposes by purchase, gift, devise, lease, or by the exercise of the power of eminent domain. That said City be and it is hereby authorized to levy annually a special tax or taxes upon all the taxable property within said City that may be necessary to exercise the powers granted by this Section of this Act, any limitation contained in any other law to the contrary notwithstanding."

"Section 3. That the said The City of Pensacola is hereby authorized to issue from time to time, subject to ratification and approval by the freeholders of said City, in the manner provided in Section 6 of Article IX of the Constitution of Florida, negotiable bonds of said City of such denominations and maturities, bearing a rate of interest not exceeding five per cent per annum, and upon such terms and conditions as may by ordinances or resolution of the City Council of said City be determined, the proceeds from the sale or sales of such bonds to be used for the construction of any of the facilities described in Section 1 of this Act, and to pledge the entire taxable property in said City and the full faith and credit of the said City for the payment of the principal and interest of any such bonds so issued, any limitation or prohibition upon the power of said City to issue bonds or incur indebtedness contained in any Special Law, Charter Act or General Law, to the contrary notwithstanding. And said City is hereby authorized upon the issuance of any bonds for any of the purposes provided in this Act, to levy annually thereafter upon all the real and personal property of said City an ad-valorem tax of sufficient millage on the dollar of said valua-

tion to pay the principal and interest on any of such bonds so issued, as the same small accrue or mature, any prohibition or limitation upon the taxing power of said City contained in any Special, Charter or General Law to the contrary notwithstanding."

"Section 4. Said The City of Pensacola is hereby authorized to issue from time to time revenue bonds or certificates of such denomination and maturities, and bearing such rate of interest not exceeding six per cent per annum, and upon such terms and conditions as the City Council of said City may determine by ordinance or resolution, the proceeds from the sale of any such bonds or certificates to be used for the construction of any of the facilities described in Section 1 of this Act, and to pledge as security for the payment of the principal and interest of any such bonds or certificates so issued the net revenue derived from the operation of any such facility so constructed."

"Section 6. The powers and functions granted herein to The City of Pensacola are hereby determined and declared to be lawful municipal purposes and functions."

Section 8 provides for the holding of a referendum election to determine whether or not this Act shall become effective. The referendum election was held and resulted in the approval of the Act.

Thereafter, the City by ordinance and resolution contemplated under Section 3 of the Act provided for the issuance of bonds in the sum of $600,000.00 for the purpose of constructing a municipal auditorium as authorized in Section 1 of the Act.

Thereupon, the City Council by resolution called a Special Election to be held on the 25th day of March, 1947, at and in which the freeholders of the qualified electors in the City of Pensacola should vote to determine whether or not the contemplated bonds should be issued as provided by said resolution so adopted by the City Council.

After the election had been called, and before the same was held, the appellees filed a bill of complaint in the Circuit Court of Escambia County praying for a declaratory decree determining and adjudging whether or not homesteads lo-

cated in the City of Pensacola to the extent in value of $5,000.00 would be subject to taxation to raise the money with which to meet the obligation of the bonds in the event the election yet to be held should result in favor of the issuing of the said bonds.

Until the election shall have been held and the result thereof shall have been determined in favor of the issuing of said bonds, there exists no justiciable issue for any court to determine and, therefore, no decree attempting to adjudicate any issue in this regard will be binding upon anyone.

The bill of complaint shows that some of the citizens of Pensacola contend that if the issuing of the bonds is approved at the election, then homesteads in value to the extent of $5,000.00 will not be subject to taxation to produce the fund with which to discharge the bond obligation, while others contend that all homesteads and all other property will be taxable for such purpose and the court is importuned to, by its decree, advise the electorate which contention is correct. Such is not the province of the courts.

A matter of this sort does not come within the purview of Chapter 87 Florida Statutes 1941 (1945) Cumulative Supplement 1 Corpus Juris Secundum 1030 Actions Sec. 18.

Therefore, the decree should be reversed with directions to dismiss the bill.

So ordered.

TERRELL, CHAPMAN and ADAMS, JJ., concur.
THOMAS, C. J., and BARNS, J., dissent.