73 So.2d 863 (1954)
BRAUTIGAM, State Atty.
v.
MacVicar et al.
Supreme Court of Florida. En Banc.
July 6, 1954.
George A. Brautigam, Miami, for appellant.
J.W. Watson, Jr., J. Mark Wilcox and Hudson & Cason, Miami, for appellees.
MATHEWS, Justice.
This is an appeal from a final declaratory decree in a suit allegedly brought under the terms of and pursuant to F.S. Chapter 87, F.S.A. That act authorizes such declaratory decrees under certain circumstances. There must be a person interested or who is in doubt as to his rights by *864 a statute or regulation made under such statutory authority or by a municipal ordinance, contract, deed, will, franchise or other article or memorandum or instrument in writing. F.S. Section 87.02, F.S.A. We have repeatedly held that there must be a bona fide dispute between contending parties as to a present justiciable question in order to invoke this statute. Bryant v. Gray, Fla., 70 So.2d 581, and authorities therein cited.
In this case there is no dispute between the parties. Each party prays for the same thing.
The City of Miami is a municipal corporation and has certain powers with reference to a seaport. Such powers are set forth in the City Charter, under which it operates.
In 1945 Chapter 22963 was enacted and, with the amendments, now authorizes a Dade County Port Authority.
The powers and duties of the City of Miami, a municipal corporation, with reference to the subject matter are practically the same as the powers and duties of the Dade County Port Authority with the major exception that the Dade County Port Authority has jurisdiction throughout all of Dade County.
On March 15, 1954, the two governmental subdivisions entered into a contract by which the Port Authority would build a new seaport and when it was completed, the present facilities would be removed and the property would be sold and the proceeds arising from such sale would be used to defray the cost of constructing the new seaport. While some of the terms of the contract are being carried out, the Port Authority agreed to operate existing facilities and install needed repairs and improvements. The contract provided that the City should receive the fair cash value of its lands and facilities as of January 1, 1954, which value has not yet been fixed, and the City should be paid from any surplus arising from the sale of the existing lands and facilities and also from net revenues to arise from the operation of present facilities until the new seaport is ready. The contract calls for the appraisal of the City's property sometime in the future and for delivery of a deed, executed by the City of Miami, in escrow to be delivered to the Port Authority upon the happening of certain events. One of the conditions is that in the case of an appeal, the Supreme Court of Florida shall finally determine that the agreement is a legal and binding contract and each of the respective parties has full legal power and authority to do and perform their respective undertakings.
It appears that the City has heretofore marketed certain bonds described in the escrow agreement. The contract then provides that if this Court approves the contract as being legal, the Port Authority within two years shall sell revenue bonds in an amount sufficient to purchase the lands in the new location and to construct the new facilities and pay off and discharge the unpaid balance of an issue of revenue bonds heretofore issued by the City of Miami.
The suit was brought by the Dade County Port Authority against the City of Miami, a municipal corporation, and the Citizens, Property Owners and Taxpayers of the City of Miami, including Non-residents owning property subject to taxation therein, and the Citizens Property Owners and Taxpayers of Dade County, Florida, including Non-residents owning property subject to taxation therein, and others. The bill of complaint contains the following allegations:
"So far as the Plaintiffs know or are advised, however, no similar agreement has been passed upon by the Courts of this State, and Plaintiffs are in doubt as to their own right and power and as to the right and power of the City of Miami to contract as in this Agreement set forth, * * *."
After the suit was instituted the Circuit Judge made an order directed to the State Attorney requiring him to appear on behalf of all citizens, property owners, and taxpayers of both the City of Miami and the County of Dade. The State Attorney did *865 appear and filed an answer which will be referred to hereafter.
The Circuit Judge also entered an order and notice addressed to all citizens, property owners and taxpayers requiring them to show cause at a time fixed why the decree prayed for should not be entered. In the joint brief filed by the City and the Port Authority it is admitted that there was no statutory authority for such procedure but it was resorted to because they knew of no other method of obtaining jurisdiction over the citizens, property owners and taxpayers. F.S. Section 87.01, F.S.A. provides that in any proceeding if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the State of Florida, or the State Attorney of the Judicial Circuit in which the action is pending, shall also be served with a copy of the proceedings and be entitled to be heard. This section does not apply because there is no allegation anywhere in the proceeding that any statute, ordinance or franchise is unconstitutional. This proceeding of making the State Attorney a party and publishing a notice to citizens, taxpayers and property owners is without lawful authority and is an attempted creation of a method of obtaining jurisdiction by the parties to the suit. The plan appears to have some of the requirements with reference to eminent domain and of bond validation proceedings. The Court cannot acquire jurisdiction of all interested parties and enter a final declaratory decree except in the manner authorized by law.
With reference to the procedure which may be had in the future concerning a new issue of bonds to accomplish the purpose as set forth in the contract between the Port Authority and the City of Miami, the attempt to have this Court validate proceedings to be taken or to approve such proceedings in advance is premature. In the case of City of Hollywood v. Broward County, Fla., 54 So.2d 205, 207, an attempt was made to have the Court settle contemplated actions and the contracts with reference to financing the construction of certain road and bridge improvements in Broward County. Among other things it involved the validity of certain bonds. In an opinion by Mr. Justice Terrell, this Court said:
"In fine it is our view that the questions presented are in the main premature so the judgment appealed from is affirmed without prejudice to appellants to raise such of them as they may be advised at the appropriate time."
In the case of City of Pensacola v. Johnson, 159 Fla. 566, 28 So.2d 905, a declaratory decree was sought to determine certain questions with reference to the payment of bonds. The suit proceeded on the theory that the electorate was entitled to advice from the Court on the matter in question before the election. The Circuit Court held that such was not in the province of the Court and until the election was held and resulted favorably to the bond issue, there existed no justiciable issue for any Court to determine. This Court affirmed the Circuit Court.
In this case the parties to the suit are seeking the same thing. There is no controversy between them. They present a contract which they claim is for the good of the community. They have agreed that they believe they have the right to proceed under the contract. Each of them claims that there may be some doubt about the authority or right to proceed although they believe they have such right and authority and that such doubt should be removed. They are willing to proceed and will proceed if this Court will give its approval or stamp its "O.K." on the contract.
A joint brief was filed on behalf of the City of Miami and the Dade County Port Authority. In this joint brief it was stated:
"* * * We submit that by this procedure the Court did have jurisdiction of all citizens, property owners and taxpayers who might be affected and that the Decree of the Court is conclusive as to the rights of all such persons.
"In conclusion, we submit that both the City of Miami and Dade County *866 have full legal right and authority to enter into this contract and to do and perform each and every of their obligations and undertakings as set forth in the contract. That the Final Decree of the Lower Court is correct in all respects and should be affirmed."
It, therefore, appears from the bill of the Port Authority, the answer of the City, and the joint brief that each of the parties to the contract claimed the full legal right and authority to enter into the contract and that the final decree of the Circuit Court should be affirmed. Such contention clearly demonstrates that this is not an adversary proceeding and presents no justiciable question.
It was not the intent of the declaratory judgment statute to confer jurisdiction on the courts to be legal advisers for all of the political subdivisions of the state and to approve all contemplated contracts which such political subdivisions believe to be legal but about which there may be some doubt. It was never intended that the courts should invade the field of the private practitioner or the city or county attorneys by giving legal advice about such matters.
There may be questions of great public concern which will cause this Court to exercise its discretion and take jurisdiction of a matter such as in the case of State ex rel. Ayres v. Gray, Fla., 69 So.2d 187. That was not a suit for declaratory decree, but, an alternative writ of mandamus was sought and, under the facts and circumstances as shown in that case, this Court exercised its discretion and took jurisdiction. It has no bearing upon this proceeding which is for a declaratory decree.
Judicial power or jurisdiction cannot be conferred or given to the Court by mutual consent or stipulation.
In the case of May v. Holley, Fla., 59 So.2d 636, it was held that there must be some person, party to the suit, who has, or reasonably may have, an actual, present, adverse and antagonistic interest in the subject matter.
In the case of Bryant v. Gray, supra [80 So.2d 584], we said:
"In the case of Local No. 234, etc., v. Henley & Beckwith, Inc., Fla., 66 So.2d 818, we held that there must be a bona fide dispute between the contending parties as to a present justiciable question.
"In Ervin v. Taylor, Fla., 66 So.2d 816, we held that the Court was without jurisdiction where there were no actual adversaries as to a present, actual dispute or controversy. In City of Hollywood v. Broward County, Fla., 54 So.2d 205, we held a suit prematurely brought where the county's application for a funding program had not been acted upon by the Improvement Commission and the Board of Administration had not passed on the legal and fiscal sufficiency of the proposed program.
"In the case of Ervin v. City of North Miami Beach, Fla., 66 So.2d 235, this Court dismissed the appeal of its own motion because there was no actual existing controversy as to the violation of certain ordinances; and in the case of Ervin v. Taylor, supra, the appeal was reversed, with directions to dismiss the petition for declaratory decree because there were no actual, bona fide, adverse parties to the action and no actual existing controversy.
"The Circuit Court in and for Leon County, Florida, was without jurisdiction to enter a declaratory decree for the reasons herein stated and the petition for a declaratory decree should have been dismissed without prejudice, on the Court's own motion."
Reversed, with directions to set aside the decree appealed from and dismiss the petition for declaratory decree, without prejudice.
ROBERTS, C.J., and TERRELL, THOMAS, SEBRING, HOBSON and DREW, JJ., concur.