CALDWELL, Justice.
These cases, before us on appeals from the Chancellor’s Decree validating “Florida Development Commission Sunshine Skyway Revenue Bonds” dated March 1, 1966, in the principal amount of $26,500,000.00, were argued and considered together. The proceeds of the bonds are to be used to pay the cost of constructing certain roads and bridges in Pinellas, Hillsborough and Manatee Counties and to refund outstanding revenue bonds issued September 1, 1951, to finance the construction of the Lower Tampa Bay Bridge Project.
Petition for validation of the bonds was filed in the Circuit Court for Leon County and the State Attorneys for the Second, Sixth and Thirteenth Judicial Circuits of Florida filed answers. Certain private citizens intervened, filed an Answer and Motion to Dismiss and, at about the same time, filed a Complaint seeking to enjoin the issuance of the bonds. The Circuit Court consolidated the cases and, on June 22, 1966, overruled the Motion to Dismiss, denied the injunctive and other relief sought by the intervenors and validated the bond issue.
Involved is the proposal by the State Road Department and the Florida Development Commission to four-lane and improve the existing two-lane bridge system across Lower Tampa Bay, known as Sunshine Skyway. Sunshine Skyway was financed by a bond issue dated September 1, 1951, issued by the former Florida State Improvement Commission. Of the bonds so issued $3,645,000.00 in principal amount remain outstanding. The 1951 bonds were validated by decree of the Circuit Court, affirmed by the Supreme Court of Florida.[1]
For several years prior to 1949 the St. Petersburg Port Authority and the City of St. Petersburg endeavored, unsuccessfully, to finance and construct the Lower Tampa Bay Bridge. In 1949 they requested the Florida Improvement Commission and the State Road Department to undertake the proposed construction and assume payment of the substantial debts incurred by the Port Authority.
The Improvement Commission agreed to proceed with the project provided the Port Authority met certain conditions precedent, set forth in a Resolution adopted by the Commission May 26, 1949. In paragraph 10 of that Resolution the Commission agreed:
“10. The Commission agrees for itself and its successors that if and when the bonds issued for construction of said bridge have been paid that this Commission will convey the bridge and all other *269 properties acquired by the Commission in connection with the project to the State Road Department, the said bridge to be operated as a free bridge.”
The Port Authority could not meet the conditions precedent whereupon it became necessary to have enacted legislation[2] designed to obviate certain legal obstacles. The act as passed is inconsistent with the quoted limitation on the transfer of assets from the Port Authority to the state agency.
Appellants contend the language of paragraph 10 of the May 26, 1949, Resolution remains in full force and effect, notwithstanding the terms of the Legislative Act, supra, but, in this we must disagree and hold the Improvement Commission and Road Department proceeded pursuant to the Statute, supra, to execute a Lease-Purchase Agreement which, in effect, negated the limitations and conditions of that Resolution. We hold the transfer from the Port Authority to the State agencies was, under the Act, “without limitation upon such disposition,” and that the provisions of the 1951 Lease-Purchase Agreement that “nothing herein, however, shall be construed as requiring or compelling the removal of tolls at the termination of this agreement or at any time thereafter,” was authorized by the Act.
Appellants raised several other points on appeal, all of which have been considered and found to be without merit.
The Chancellor’s Decree here under review found the equities to be with the Commission, that all requirements of law have been strictly complied with and that the Resolution adopted by the Florida Improvement Commission of May 26, 1949, does not legally preclude the validation of the bonds described in this proceeding.
We agree the bonds are valid and the Decree of the Circuit Court is therefore affirmed.
It is so ordered.
THORNAL, C. J., and DREW and O’CONNELL, JJ., concur.
ERVIN, J., dissents with opinion.

. Chapter 26163, Special Acts of 1949, Laws of Florida:
“That St. Petersburg Port Authority * * * be and it is hereby empowered to sell, lease, convey, transfer or otherwise dispose of any and all of its property and its assets of any and every nature whatsoever to any agency, board, commission, department or other subdivision of the State of Florida or to the City of St. Petersburg, without limitation upon such disposition except that the disposition shall he only with and upon approval by resolution of the City Counoil of the City of St. Petersbwg, and provided further that such disposition by the Authority and approval by the City shall not be subject to any pz-ovi-sions or limitations of any nature of the City Charter of the City of St. Peters-burg or any prior enactments relating to St. Petersburg Port Authority concerning disposition of City of St. Petersbui-g property or Port Authority property.” (Emphasis supplied)