BOYD, Justice.
These consolidated cases are before us on appeal from final decrees of the Circuit Court of Leon County validating Bre-vard County bridge revenue bonds in the amount of $23,000,000 and Central Florida Expressway revenue bonds in the amount of $10,000,000. Both validating decrees were entered November 6, 1968, prior to the effective date of the new Constitution. The bonds are, therefore, subject to the provisions of the Constitution of 1885.
Appellants, who appeared as objectors ' in the validation proceedings below, raise a number of objections. First, Appellants contend that the surplus gasoline tax funds accruing under Article IX, Section 16, of the Constitution of 1885, F.S.A. (providing for the allocation of gas tax for 50 years beginning January 1, 1943) are pledged to retire bonds beyond the effective date of such constitutional provision. This is not correct. The bonds mature in the years 1974 through 1998, inclusive, but gasoline tax funds are not pledged beyond January 1, 1993. After January 1, 1993, the bonds are payable solely from tolls collected from the use of the projects.
Appellants also contend that the State Road Department and the Board of County Commissioners have contracted away to bond holders their obligation to build roads, bridges and highways in the public interest. The basis for this contention is the provision in Section 8.06 of the lease-purchase agreement between the Development Commission, Road Department and Board of County Commissioners whereby the Department and Commission “irrevocably covenant and agree that as long as any of the Bonds to be issued by the Commission, or any refundings thereof, or interest thereon, are outstanding and unpaid, they will not construct, establish or operate or cause to be constructed, established or operated, any road or roads, bridge or bridges, tunnel or tunnels, causeway or causeways, ferry or ferries, or any other facilities which will materially and adversely affect the Tolls to be derived from the Project.”
The lease-purchase agreement covering the Sunshine Skyway, approved by this Court in Fuller v. Florida Development Commission, 191 So.2d 267 (1966), contained identical language. A similar covenant made by the Turnpike Authority was considered by this Court in State v. Florida State Turnpike Authority, 134 So.2d 12 (1961) and was there held not binding upon any other agency of the State or Federal government.
Appellants’ contention with regard to whether the Bennett Causeway is to be a limited access facility is without merit. There is no evidence in the record that the project will be other than a limited access facility. The Bennett Causeway route has been designated and operated as a limited access facility since September 12, 1961, and Appellee states that it will continue to be so operated.
Appellants’ other contentions were considered and rejected by this Court in City of Miami v. Florida Development Commission, 165 So.2d 170 (1964).
We agree that the bonds are valid and the Decrees of Circuit Court are, therefore, affirmed.
ERVIN, C. J., and THORNAL, CARLTON and ADKINS, JJ., concur.