WALDEN, Judge.
This is an appeal brought by plaintiff from an order of dismissal with prejudice in an action for declaratory judgment and other relief.
On February 28, 1962, defendant Port Authority, as owner of certain land, entered into an easement agreement with the State of Florida, granting the state the right to construct and maintain a public road, S.R. #528. Plaintiff secured a commitment from the Small Business Administration for a loan to construct a marina on land which it had leased from defendant, Port Authority, on August 11, 1966. Defendant State Road Department on February 6, 1968, notified the department of the Army Corps of Engineers that the road construct *765 ed was limited access and did not include access to and from the marina and that no public access existed to the lands from S.R. #528. The Small Business Administration then notified plaintiff that, based upon the above information of non-access, it had withdrawn its commitment. Plaintiff instituted this action against defendants for a declaratory judgment of its rights under the Lease Agreement and the easement theretofore granted to the State of Florida.
Appellant’s points one and two are without merit. Appellant’s third point on appeal requires discussion, that point being whether the State Road Department (Department of Transportation) may establish a limited access facility on a right-of-way to which it does not hold the fee simple title.
Plaintiff notes that F.S.1967, section 338.-04, F.S.A., provides for the acquisition of property and property rights for limited access facility, subsection (2) of which provides that "all property acquired under the provisions of this law shall be in fee simple.” Plaintiff contends simply that since the state had only an easement and not a fee, it could not limit access to S.R. #528. However, F.S.1961, section 338.14 (1) (g), F.S.A., in force at the time the project was designated as a limited access highway, provides: “The department is authorized to enter into agreements with any * * * agency or commission of the state * * * which has heretofore acquired or constructed any * * * toll road * * * for the purpose of doing or agreeing to do any one or more of the following: * * * (g) Operating or maintaining any project or part thereof as a road of the state highway or state park road system or part thereof, and this in spite of the fact that title to such project or part thereof remains in the public project owner. The provisions of any existing law requiring title to the state roads to be vested in the state shall not be operative as to projects or parts of projects made roads of the state highway or state park road system or maintained and operated as such roads under the provisions of this section.” (Emphasis supplied.) Therefore, 338.04 (2) is not applicable since S.R. #528 is a toll road constructed in accordance with agreements with another agency or commission of the state. Furthermore, the issue of whether S.R. #528, also called Bennett’s Causeway, could be limited access road was settled in Stewart v. Florida Development Commission, Fla. 1969, 220 So. 2d 900.[1]
Another factor to be considered here is whether the plaintiff has standing in this case. He entered the lease agreement knowing it would be subject to the terms of the easement agreement and under the laws of contract should be bound accordingly. In other words, he has failed to show any injury since he entered the lease agreement having and knowing of no access to the property and since that condition has not changed, he has shown no injury. Further, it is well established that one person may not assert a right or defense of another, and if there be error in DOT not obtaining a fee from the Port Authority the statute would provide a shelter only for those parties, since no other parties are in any way affected thereby. To extend the scope of the statute beyond the transaction between those parties gives it unwarranted, unwanted and unnecessary overbreadth. The requirement of a fee is not an absolute, but rather a measure in the interest of both parties involved. The state has an interest in assuring itself against persons sometime in the future digging a ditch across its road because the title conveyed was defective in some regard. The *766 seller of the property has an interest in receiving the full measure of value for his land, which would be the fee. Finally, or perhaps saying something said before in another way, since appellant’s leasehold interest does not cover and is not coextensive with the easement in favor of the Road Department, he has no justiciable interest in whether or not the state should be required to condemn the fee. This is a question between two public agencies not directly involving the appellant and thus he has no justiciable interest therein. Colby v. Colby, Fla.App.1960, 120 So.2d 797; Grable v. Hillsborough County Port Authority, Fla.App.1961, 132 So.2d 423; Brautigam v. Mac Vicar, Fla.1954, 73 So.2d 863.
No error or abuse of discretion having been demonstrated, the order appealed is
Affirmed.
REED and OWEN, JJ., concur.

. Where the Supreme Court stated: “Appellants’ contention with regard to whether the Bennett Causeway is to be a limited access facility is without merit. There is no evidence in the record that the project will be other than a limited access facility. The- Bennett Causeway route has been designated and operated as a limited access facility since September 12, 1961, and Appellee states that it will continue to bo so operated.” Stewart, supra, at 901.