66 So.2d 235 (1953)
ERVIN
v.
CITY OF NORTH MIAMI BEACH et al.
Supreme Court of Florida, Special Division B.
June 26, 1953.
Richard W. Ervin, Atty. Gen., Fred M. Burns, Asst. Atty. Gen., and John D. Moriarty and John D. Kennedy, Sp. Asst. Attys. Gen., for appellants.
Harry W. Prebish, Miami, for City of North Miami Beach.
John E. Cicero and Olavi M. Hendrickson, Miami, for City of Miami.
DREW, Justice.
The City of North Miami Beach, Florida, filed a "Bill for Declaratory Decree" in the Circuit Court of Dade County, Florida. The style of the cause was: "In re: The City of North Miami Beach, a municipal corporation, Petitioner." There were no respondents. The so-called "Bill for Declaratory Decree" alleged that petitioner was a municipal corporation and that it had authority to regulate the speed of vehicles on its streets. It further alleged that it had done so by ordinance and attached a copy. The bill then concluded as follows:
"4. That at present and sometime in the past, confusion has arisen relative to the enforcement of said ordinance on state and federal highways which pass within the confines of the city limits of said city.
"5. That because of said confusion the petitioner, on November 20, 1952, requested an opinion from the Attorney General of the State of Florida relative to the enforcement of ordinances such as Ordinance No. 171 (Petitioner's Exhibit No. 1); that on November 28, 1952, the said Attorney General rendered his opinion thereon. A copy of said opinion is attached hereto and made a part hereof and marked Petitioner's Exhibit No. 2.
"6. That confusion still exists as to the rights of the Petitioner relative to the enforcement of such ordinances, and the Petitioner, being in a quandary as to its rights, powers and immunities, prays as follows:
"1. That this Court enter a decree on the validity of Ordinance No. 171:
"2. That this Court enter a decree on the power of the Petitioner to adopt and enforce any ordinances or regulations relating to the operation of motor vehicles on state and federal highways which are within the territorial limits of a municipality, whether in conflict with state law or not as to speed:
"3. And for such other and further relief as may be necessary in the premises."
According to the record no process was issued but shortly after the bill was filed the Attorney General of Florida filed an answer *236 in said cause in which he admitted all of the allegations of said bill except paragraphs 5 and 6, and as to these he alleged:
"5. He admits the allegations contained in paragraph 5 of the Bill and adopts petitioner's Exhibit No. 2 as a true copy of the Attorney General's opinion of November 28, 1952, which represents his construction of the statutes involved, based upon the decisions of the Supreme Court of Florida cited therein.
"6. By way of answer to paragraph 6 of the Bill, he admits that there is some doubt as to the rights of the Petitioner relative to the enforcement of city ordinances regulating traffic on state and federal highways within the limits of a municipality, and therefore joins with Petitioner in seeking a decree of this Court in the matters presented by the Bill."
Then, pursuant to leave of Court, the City of Miami was allowed to intervene and file its answer, the only pertinent portion of which is:
"Further answering, this Intervenor says that the speed limits which have been established by the enactment of F.S.A. § 317.22 (being the statutory speed limits upon State highways) do not apply and do not refer to the operation of motor vehicles upon highways inside the territorial limits of the City of Miami or any other municipality by reason of the express provisions of F.S.A. § 317.04.
"This intervenor, by reason of the allegations of the Bill for Declaratory Decree filed herein, avers that there is doubt as to the right of municipalities relative to the enforcement of city ordinances regulating the speed of traffic on State and Federal highways within the limits of a municipality."
On these pleadings the lower court entered a final decree that:
"* * * F.S.A. 317.22 is not a limitation upon the City of Miami or the City of North Miami Beach, Florida, in the powers of said municipalities to adopt and to enforce ordinances regulating the speed of motor vehicles on State highways which are within the territorial limits of the said municipality (exclusive of school zone)."
The Attorney General has appealed to this Court from the decree.
Essentially the only issue  if it may be termed an issue  in this litigation is the question of whether the opinion of the Attorney General construing sections 317.22, 317.04 and 320.55, Florida Statutes, 1951, F.S.A., is correct. The real relief sought in this case is an Advisory Opinion of this Court construing a statute. In this connection it is aptly stated in Anderson on Declaratory Judgments, Vol. 1, 2d Ed., page 66:
"For the adjudication of questions concrete legal issues must be present in actual cases  not abstractions. This is as true of declaratory judgments as in any other field. Judicial adherence to the doctrine of separation of powers preserves the courts for the decision of issues between litigants capable of effective determination." (Emphasis supplied.)
And again, on page 77 of the same work, it is said:
"In other words, if the construction or validity of a statute or an ordinance is drawn in question, the courts will not entertain an action based thereon, seeking a determination as to either the construction or the validity thereof, where there is no controversy as to the violation of such statute or ordinance. In these circumstances there is no justiciable controversy."
We approve the following statement of the late Mr. Justice Brown in a special concurring opinion in the case of Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, 811:
"The Constitution of Florida only gives to the Governor of the State the right to request advisory opinions from the Justices of this court, and that right is limited to questions arising as to his powers and duties under the constitution. The differences between a declaratory judgment and a purely advisory opinion is that the former is a binding adjudication of the rights of the parties, *237 even when unaccompanied by the issuance of process to enforce such rights.
"We may be sure that it was not the intention of the Legislature, in adopting our present Declaratory Judgment Act, to authorize or require the judiciary to give free legal advice to any party requesting it, nor to practice law without a license. In [City and County] Denver v. Lynch, 92 Colo. 102, 18 P.2d 907, 86 A.L.R. 907, it was held that the Colorado Declaratory Judgments Act was not intended to repeal the statute prohibiting judges from giving legal advice, or to impose the duties of the legal profession upon the courts, or to settle mere academic questions."
While we recognize that in cases where the question involved is of great public interest the courts are more liberal in exercising their powers in matters of this kind, we do not consider this case to fall within that exception.
For the reasons pointed out this appeal is hereby dismissed ex mero motu.
ROBERTS, C.J., MATHEWS, J., and PARKS, Associate Justice, concur.