66 So.2d 816 (1953)
ERVIN, Atty. Gen.
v.
TAYLOR et al.
Supreme Court of Florida, en Banc.
July 31, 1953.
*817 Richard W. Ervin, Atty. Gen., Ralph M. McLane, Asst. Atty. Gen., and James J. English, Sp. Asst. Atty. Gen., for appellants.
Sibley & Davis, Miami Beach, and Ward & Ward, Miami, for appellees.
THOMAS, Justice.
A petition was filed in the chancery court by the appellees, all officials, seeking a declaration of their rights under Chapter 26807, Laws of Florida, Acts of 1951, and a determination of the constitutionality of that law.
No respondents or defendants were named in the petition. A few days afterward the attorney general filed a reply and the state attorney filed an answer and motion to dismiss. Of course, Section 87.10 Florida Statutes 1951, and F.S.A., contains a requirement that the attorney general or the state attorney be "served with a copy of the proceedings" where an act of the legislature is "alleged to be unconstitutional" and either is "entitled to be heard", but their filing the pleadings we have mentioned did not necessarily make them adversaries. Exercise of the privilege could not supply adversaries where none had been named in the decree.
The circuit judge entered a "final decree" reciting that the cause was heard on the petition and the responses of the attorney general and state attorney, declaring the act unconstitutional, and making a temporary injunction theretofore issued permanent. To whom the temporary injunction was directed we are not told.
The attorney general thereupon took an appeal "to review that part of the Declaratory Decree" declaring the act unconstitutional and making the injunction permanent by staying provisions and penalties of the law. The command of the so-called permanent injunction is addressed to no one.
We do not sanction the procedure recognized by the chancellor. The complaint was a mere petition to the court to pass upon the validity of an act of the legislature. There were no adversaries, and being none, there was no actual controversy. In that situation there was no justification for adjudicating the constitutionality of the enactment. Ervin v. City of North Miami Beach, Fla., 66 So.2d 235.
The decree is reversed with directions to dismiss the petition.
Reversed.
ROBERTS, C.J., and SEBRING, HOBSON, MATHEWS and DREW, JJ., concur.
TERRELL, J., dissents.
TERRELL, Justice (dissenting).
Pursuant to Chapter 87, Florida Statutes 1951, F.S.A. (Declaratory Judgments Act), this suit was instituted by five attorneys in Dade and Hillsborough Counties, who are law enforcement officers, challenging the constitutional validity of Chapter 26807, Acts of 1951. They contend that said act is void and unconstitutional because it prohibits them from engaging in the practice of law so long as they hold their position as law enforcement officers. No other question was presented. The Circuit Judge held the act unconstitutional.
The majority opinion reverses that decree with directions to dismiss the petition on the theory that there were no adversaries to the cause, and being none, there was no actual controversy. In such a situation the majority opinion says that there was no justification for adjudicating the constitutionality of the act.
Suits under Chapter 87 for declaratory decree are instituted by petition, and while there is always in nature a controversy, it may not be such a one as would arise at common law. There was certainly no lack of controversy in this case, as I shall later point out. Some of the most celebrated cases in this country were not in the common-law sense adversary. Ex parte Milligan, 4 *818 Wall. 2, 18 L.Ed. 281 and Ex parte Garland, 4 Wall. 333, 18 L.Ed. 366 are notable examples. Bond validation cases, habeas corpus cases, and cases involving wills and probate matters, fall in same category. Any State or Federal Reporter is full of them and in material aspects they are instituted and prosecuted not materially different from the way this case was prosecuted.
Section 87.10, Florida Statutes 1951, F.S.A., specifies who shall be parties in a proceeding for declaratory judgment. It provides that when a statute is alleged to be unconstitutional, the Attorney General of the State or the State Attorney of the Judicial Circuit in which the act is pending, shall be served with a copy of the proceedings and be heard. No other aspect of the statute is involved here. This procedure was followed to the letter, the Attorney General was served and filed an answer. The State Attorney was served and moved to dismiss. Definite issues were raised by the pleadings and decided by the Court. The trial judge recites in his final decree that the case was thoroughly argued before him by the State Attorney and the Attorney General on behalf of the State. The trial court made a thorough finding of law and fact.
Not only that, two of the ablest law firms in the State, Messrs. Ward and Ward, of Miami, and Sibley and Davis of Miami Beach, were employed to represent petitioners. So it follows that the case was thoroughly presented to the lower court on adversary argument directed to the issues made. The same counsel appeared at the bar of this Court for both sides and made adversary arguments. From the able and extensive briefs and arguments that were presented in the lower court and in this Court, it appears that everybody connected with the case but the majority of this Court, thought they were handling an adversary proceeding. It was treated as a controversy by the trial court. In fact, I am at a loss to understand what more could have been said or what else could have been done to make it adversary.
To reverse and dismiss under such circumstances seems to me to be ridiculous. There was no reason to serve the Attorney General and the State Attorney except the constitutionality of an act was brought in question. They so interpreted the act and performed their duty with marked ability. The very same procedure is followed in bond validation proceedings frequently and is approved. The majority opinion reverses and dismisses, for reasons that were not raised in the lower court, were not considered by him and no one connected with the case thought they were in the pleadings. To force the time, trouble and expense of relitigation would be utterly foolish. Any good lawyer would feel silly to thrash the same old straw over when all has been said that can be, and no good purpose can be served by doing so. Such disposition makes the layman who pays the freight wonder what he paid for, not only that, it shakes his confidence in the administration of justice and drives him to any other means of settling his controversies but a law suit.
For these reasons I dissent.