## GINSBERG v. BOARD OF COUNTY COMMISSIONERS, et al.

Circuit Court, Dade County.

April 21, 1954.

Daniel L. Ginsberg, Ginsberg & Pelle, Miami, in propria persona.

Richard W. Ervin, Attorney General, Howard S. Bailey, Assistant Attorney General.

Hudson & Cason, Miami, for board of county commissioners.

George A. Brautigam, State Attorney.

CHARLES A. CARROLL, Circuit Judge.

This cause came on for final hearing before the court on the bill of complaint and the answers of defendants. It was conceded there was no need to take testimony, the few facts involved are not in dispute—the case essentially is one calling for a ruling on questions of law.

The court heard argument, and has considered certain authorities cited at the hearing and in memorandum.

This court has reached the conclusion that jurisdiction of the court is not properly invoked.

The plaintiff or petitioner is Daniel L. Ginsberg, a local attorney, who is designated in the bill as a citizen, a taxpayer and registered voter in Dade County. The respondents named in the bill are the board of county commissioners of Dade County and the Attorney General. In addition, the state attorney was given notice and responded.

The object of the suit was to have this court determine whether sections 100.061 and 100.091 of the Florida Statutes, which make provision for the holding of the first and second primaries (for election of primary candidates by *majority* of votes) are in conflict with article 16, section 8, of the constitution providing for election of officers by *plurality* of votes.

Extensive argument was heard on the merits, but in view of the disposition which is here made of this case, it is not necessary nor would it be proper to rule on those questions which were so seriously argued in this case. It will be soon enough to evaluate the arguments of counsel, and to choose between them for a decision on those points, when they shall be drawn into controversy before the court in an adversary proceeding and by a plaintiff having capacity and status properly to invoke the exercise of the court's jurisdiction thereon.

The plaintiff has not shown that he has any right to maintain this suit. He is not a party to any controversy. The defendants are not real adversaries in this case. Compare Ervin v. Taylor (Fla.), 66 So. 2d 816. The Attorney General is named as a defendant here, but only for the purpose of resisting the construction which the plaintiff requests of this court which would invalidate certain statutes. The state attorney was notified and responded for like purpose. The board of county commissioners who were named as defendants are joined for the purpose of seeking injunctive relief against them in the event of a construction which would eliminate the statutes relating to the holding of primary elections.

The plaintiff is not shown to be a qualified candidate for nomination to any office. The fact that he is a registered voter does not entitle him to obtain an advisory opinion from the courts as to the validity of laws relating to voting. The authorities are clear that individuals may not obtain opinions on legal matters from the courts in the absence of controversy, or other affected personal interests sufficient to invoke jurisdiction under established grounds by which courts may entertain questions and pass upon them. See Ervin v. City of North Miami Beach (Fla.), 66 So. 2d 235; Ervin v. Taylor, supra; and State Department of Public Welfare v. Melser (Fla.), 69 So. 2d 347.

Nor is the plaintiff properly in court or entitled to maintain this suit on the theory that he is a taxpayer seeking to enjoin the county commissioners from unauthorized expense for an alleged illegal election. This is so because there is not now scheduled any election of the kind which is challenged as being illegal or unconstitutional. There is no way to know or predict definitely that there will be any need for second primary elections in the ensuing primary. With no such election called for under the laws and required and scheduled to be held, a suit to enjoin second primary elections generally is unauthorized and premature.

Whereupon, it is ordered that this cause is dismissed for want of jurisdiction.