THOMAS, Justice.
From the petition for declaratory decree filed by Hon. Thelma Lewis, Clerk of the Circuit Court of Hamilton County, it appears that she requisitioned of the Co-mp1-troller funds to pay jurors their,per diem and mileage for service at an impending term of court and later disbursed the moneys not only by compensating the jurors for their services but also by allowing each of the jurors mileage for each day he appeared. The Comptroller disapproved the mileage payments stating, to quote from the petition, that “ ‘Under no circumstances should a juror be allowed more mileage than that required to make one round trip between his place of residence in the County in which he serves as a juror and the Courthouse unless Court is adjourned for a day or more during his term of service.’ ”
A question arose, then, between the clerk and the Comptroller about' the proper construction of the law fixing allowances to jurors for transportation between their homes and the courthouse. In an effort to get the controversy decided the clerk ..addressed her petition to the judges of the Third Judicial Circuit.
No parties defendant, or respondent, were named, no process issued. According to the record, counsel for the petitioner merely mailed to the Attorney General, the Comptroller, the State Auditor and the Chief of County Finance, in the comptroller’s office a copy of the petition and a notice that it would be presented to the judges “en banc” on a certain day.
In response to the notice, the Attorney General sent a letter to the judges which we quote in full because, first, it is short, and second, it was given significance we think it did not deserve. He wrote:
“•Gentlemen:
“This office has been served with notice of hearing before you sitting en banc at the county court house, Lake City, on January 18, 1954, in a proceeding styled as above.
“This proceeding is one for declaratory judgment or decree pertaining to the provisions of Section 40.24, Florida Statutes, as amended by the 1953 Legislature. The Comptroller is not made a party and consequently we are not in a position to appear on his behalf.
“We desire to call to the Court’s attention the question of its jurisdiction by reason of the fact that there are no defendants, hence no controversy. In this connection, the Court may wish to consider the case of Ervin, Attorney General v. Taylor [Fla.], 66 So.2d 816, which points out that since there were no adversaries, there is no actual controversy. Also, see, the case of Ervin v. City of North Miami Beach [Fla,], 66 So.2d 235.
“Respectfully, “/s/ Richard W. Ervin “Richard W. Ervin “Attorney General”
In this state of the record, with no defendants named or served, and in the absence of any pleading except the petition, the chancellors proceeded jointly to enter a final, decree construing the law, Sec. 40.24, Florida Statutes 1953, F.S.A., regulating the pay of jurors.
In the opinion, the letter we have quoted was denominated a “memoranda brief,” but we cannot agree that it was entitled to such formal designation. To us it was only a courteous suggestion on the part of the Attorney General that the judges were being asked to hear a matter involving a cabinet officer over whom they had acquired-no jurisdiction, and to determine a case affecting State monies where was no adversary, therefore, no controversy.
*825 The opinion carries the observations that “Under the law and the Constitution the Governor of Florida can inquire of the Court for advice as to performance of his official duties,” and that it was the purpose of the legislature in enacting Chapter 87, Florida Statutes 1953, and F.S.A., to afford “lesser public officials” an inexpensive means of obtaining an adjudication of their official duties and authority. It was the judges’ thought that inasmuch #as there “are no parties defendant or respondent in connection with such request,” from the Governor there need not be any in an instance like this. We cannot agree that there is any similarity between such a situation and one where the advice of the “Court” is sought by the Governor. The provision for such advice to the Governor is embedded in the Constitution and is applicable in a very narrow held. The inquiry is not addressed to the “Court” but to the “justices” and can concern only a question affecting the Governor’s “Executive powers and' duties”. Sec. 13 of Art. IV of the Constitution of the State of Florida, F.S.A.
We think it was perfectly natural and sensible for the clerk to consult the judges of the court about the way she was disbursing state funds for services rendered in that court. But such a quest for advice, persuasive as it might be, would not bind the Comptroller of the State, and could not bind him when it issued as a result of the informal proceedings manifest from the record.
We think the decisions cited by the Attorney General are abundant authority for his position that the court had not acquired such jurisdiction as to make operative against the Comptroller the decree entered on the petition. In Ervin, Attorney General v. Taylor, Fla., 66 So.2d 816, we invoked against the Attorney General the rule that a petition under Chapter 87, supra, where there were no adversaries and hence there was no actual controversy, would not justify the adjudication. In Ervin v. City of North Miami Beach, Fla., 66 So.2d 235, we approved the view expressed in the concurring opinion of justice Brown in Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, that the procedure for declaratory decree may not be used to obtain legal advice.
The decree amounted only to giving the petitioner advice, for to translate the advice into an adjudication, would immediately affect the Comptroller and he was not a party to the suit.
Inasmuch as the conclusion did not amount to an adjudication that would be operative against the State funds or against the Comptroller, and inasmuch as the appeal was taken by one over whom no jurisdicion had been obtained, we are constrained to dismiss the appeal ex mero motu. See Sec. 87.10, Florida Statutes 1953, and F.S.A., Cf. King v. Brown, Fla., 55 So.2d 187.
It is so ordered.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.