DREW, Justice.
The appellant, Sarasota-Fruitville Drainage District, a corporation, filed its bill of complaint against “Certain Lands Within Said District Upon Which Drainage Taxes for the Year 1952 Have Not Been Paid” pursuant to the provisions of Section 298.75, F.S.1951, F.S.A. The prayer of the complaint was for an accounting to ascertain ■ the amount due and..owing plaintiff District for drainage taxes and costs in connection with the foreclosure “and that said amounts be decreed to be a first lien on the property against which certain drainage taxes were levied and assessed and decreeing the payment thereof to be made on a day certain and that in the default of such payment that said property may be sold to satisfy said lien found to be due and owing and that payment thereof be made from proceeds of such sale.”
Shortly after the complaint was filed the Drainage District presented to the Circuit Court of Sarasota County a proposed notice to defend directed “to all persons and corporations interested in or having any lien or claim upon any of the lands herein de *336 scribed.” The land against which taxes had been assessed for 1952 and which were not paid were described in the notice and the persons and corporations' to whom the notice was directed were required'by said notice to file 'their answer or other defensive pleadings to the bill of complaint and to serve a copy thereof upon plaintiff’s attorney on a day the designation of which was left blank in said notice. The'notice further provided for the entry of a decree pro confesso against such parties and also provided that the notice should be published once a week for four'consecutive weeks in the Sarasota Herald-Tribune, a newspaper published in Sarasota. The lower court refused to issue the notice to appear and set forth its reasons for so doing in the following order:
“This cause coming on this day to be-heard upon the application of the Plaintiff for the Court to issue a notice- to defend in this cause, a copy of which with land descriptions omitted is hereto attached, and it appearing to the Court that this cause has been filed as an in rem proceeding under the provisions of Section 298.75, Florida Statutes 1953 [F.S.A.], and that said Section 298.75 does not provide for the details of- the form and manner of service of process in in rem drainage' district tax lien ■foreclosure actions; and that no sworn statement as a condition precedent to constructive service as set out in Chapter 48, Florida Statutes 1953 [F.S.A.], has been filed in this cause; and that neither the Court nor its Clerk is authorized to fix the form and manner of service of process in an in rem drainage district tax lien foreclosure action or to ,- issue the notice-to defend hereto attached as held by our Supreme Court in Early v. Sarasota-Fruitville Drainage District, 67 So.2d 441; and the Court being in doubt as to the constitutionality of Section 298.75, Florida Statutes 1953 [F.S.A.], in that the same may fail to provide due process of law to confer upon this Court jurisdiction of the subject matter of this suit or of ' the parties interested therein; and the Court being otherwise fully advised in the premises;
“It Is Ordered, Adjudged And Decreed by the Court that the application of the Plaintiff herein for the Court to issue the notice to defend ‘hereto attached, or any other notice to defend in this cause, be, and the same is hereby, denied.” (Emphasis supplied.)
The Drainage.District by way of appeal seeks review of this order of the trial court and seeks determination of the constitutionality vel non of Section 298.75, supra.
At. the outset we note that th,is. record must be regarded as a petition for certiorari under Section 59.45, F.S.1951, F.S.A., because the order sought to be reviewed is not a final decree. However, the principles set out hereafter, are equally appropriate whether the proceeding be for review by certiorari or for review by appeal.
 There is no appellee in this suit. If we entertained jurisdiction of this proceeding and determined the question sought to be presented, our decision would not be binding upon anyone except possibly the Drainage District. It is a fundamental principle of appellate procedure that only actual controversies are reviewed by direct appeal. 4 C.J.S., Appeal and Error, § 1354(a), page 1945. We have repeatedly held that this Court was not authorized to render advisory opinions except in the instances required or authorized by the Constitution. We have said that there can be no appeal without an appellant. Forcum v. Symmes, 101 Fla. 1266, 133 So. 88. We amplify that statement by saying that there can be no appeal without an-appellant and -an appellee. In Ervin v. Taylor, Fla.1953, 66 So.2d 816, 817, we said, “The complaint was a mere petition to the court to pass upon the validity of an act of the legislature. There were no adversaries, and being none, there was no actual- controversy. ■ In that situation there was no justification for adjudicating the constitutionality of the enactment. Ervin v. City of North Miami Beach, Fla., 66 So.2d 235.” In the case of Ervin v. City of North Miami Beach, Fla. *337 1953, 66 So.2d 235, 236, we emphasized, that “ 'Judicial adherence to the doctrine of separation of powers preserves the courts for the decision of issues between litigants capable of effective determination.’ ” In that case we quoted with approval from the late Mr. Justice Brown in the case of Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, 811, to the effect that the Constitution of this State gives this Court the right to issue advisory opinions only to the Governor of the State of Florida and then only concerning questions arising as to. his powers and duties under the Constitution.
The effect of a decision in this case would be nothing more than our opinion in a non-adversary proceeding where only the plaintiff is present concerning the constitutionality of a solemn act of the Legislature. Under these- circumstances the proceeding is dismissed sua sponte.
MATHEWS, C. J., TERRELL, THOMAS, HOBSON and ROBERTS, JJ., and SPOTO, Associate Justice, concur.