PER CURIAM.
The record on this appeal consists only of a complaint for declaratory decree and a decree thereon. It appears from the complaint that the Board of Commissioners of Dade County requested an opinion from their county attorney as to whether state law would require establishments selling retail alcoholic beverages to remain closed on May 21, 1957. This was the date set for a special charter election. It is not disclosed whether appellant requested that this opinion be procured. The opinion was in the affirmative and acting upon this opinion the appellants brought their complaint for declaratory decree against “Dade County”, a political subdivision of the State of Florida. No pleadings were filed by the defendant, but apparently with defendant’s consent the cause came on for hearing five days after the filing of the complaint, and the Chancellor entered the decree which is appealed.
 It is apparent that the appellants wanted an opinion from the circuit judge, and that he was led to believe that there was a bona fide dispute between the contending parties. It now appears from argument before this Court that the circuit judge was inadvertently misled. The appellants, in essence, ask for a construction of a state statute. Their controversy, if any, exists between themselves and the agency or agencies of the State of Florida charged with the enforcement of the state law regulating the closing hours of retail liquor establishments. It neither is shown that the Board of County Commissioners are charged with such responsibility, nor is it shown that they have undertaken the enforcement of such laws. See § 104.381, Fla.Stat., F.S.A., and § 562.14, Fla.Stat., F.S.A. It is essential that the party defendant in a declaratory action be the party or parties whose interest will be affected by the decree. Ervin v. Taylor, Fla.1953, 66 So.2d 816; State v. Lewis, Fla.1954, 72 So.2d 823; See 1 Anderson, Declaratory Judgments, Sections 130, 179 (2nd ed. 1951) and cases cited therein; cf. Rosenhouse v. 1950 Spring Term Grand Jury, Fla.1952, 56 So.2d 445, 448.
It therefore appears that the decree must be reversed with directions to set aside the decree appealed from and dismiss the complaint for declaratory decree, without prejudice.
Reversed with directions.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.