PER CURIAM.
The appellant mayor and members of the City Council of Ocala, together with the members of the School Board of Marion County, filed their amended complaint seeking a declaratory judgment as to the applicability of the “Sunshine Law”[1] to these officials when engaged in private consultations with their attorneys in connection with impending and pending litigation. Material allegations set forth in the subject amended complaint are:
“(e) That following said closed meeting a complaint was filed by a reporter excluded from the meeting in the office of the defendant State Attorney charging said plaintiffs [appellants] with a violation of Section 286.011, Florida Statutes.
“(f) That the defendant OLDHAM [State Attorney] conducted an investigation of *140 the complaint which investigation resulted in a decision by said Defendant OLD-HAM not to initiate criminal prosecution of the alleged offending plaintiffs; but that the said defendant OLDHAM in reaching his decision not to initiate prosecution did, nevertheless, find and declare that the exception to the Sunshine Law enunciated in the TIMES AND BAS-SETT cases [222 So.2d 470 and 262 So.2d 425] and relied upon by the plaintiffs had been eliminated by a later opinion of the defendant SHEVIN dated March 13, 1973, identified as opinion number 073-56, and advised these plaintiffs that no such exception to the application of Section 286.011, Florida Statutes, would be recognized by the defendant OLDHAM unless he were legislatively or judicially directed to the contrary. . . .”
The trial court, in granting appellees’ motion to dismiss, held that the amended complaint failed to state a cause of action; hence this appeal.
An examination of the subject amended complaint discloses that the essential elements to be considered by the court in determining whether to entertain an action for declaratory relief were alleged.[2] As stated in Sheldon v. Powell,[3] the purpose of the declaratory act is:
“. . .to ‘serve as an instrument of preventive justice,’ to render ‘practical help’ in determining issues, and to adjudicate the rights or status of parties, without the peril of committing a crime or resorting to violence or breach to put the legal machinery in motion.”
Obviously, appellant found themselves between “a rock and a hard place”. The legal machinery should be shifted out of neutral. The judgment appealed is reversed with directions to reinstate the amended complaint.
Reversed and remanded for further proceedings.
RAWLS, Acting C. J., SMITH, J., and HARDING, MAJOR B., Associate Judge, concur.

. Section 286.011, Florida Statutes.

. May v. Hoüey, 59 So.2d 636 (Fla.1952).

. Sheldon v. Powell, 99 Fla. 782, 128 So. 258 (1930).