348 So.2d 308 (1977)
Reubin O'd. ASKEW, Governor of the State of Florida, et al., Petitioners,
v.
CITY OF OCALA, a Municipal Corporation, of the State of Florida, et al., Respondents.
No. 50221.
Supreme Court of Florida.
June 9, 1977.
Rehearing Denied July 29, 1977.
*309 Robert L. Shevin, Atty. Gen., and Sharyn L. Smith and Patricia R. Gleason, Asst. Attys. Gen., for petitioners.
Seymour Rowland, Jr., and John P. McKeever and Bruce R. Kaster, Pattillo, MacKay & McKeever, Ocala, for respondents.
George F. Knox, Jr., City Atty. and Arturo Alvarez and Eugene M. Steinfeld, Asst. City Attys., for City of Miami, Florida, amicus curiae.
Parker D. Thomson and Franklin G. Burt, Paul & Thomson, Miami, for The Miami Herald Pub. Co. and The Ocala Star-Banner Corp., amicus curiae.
Ronald A. Harbert, Mateer, Harbert, Bechtel & Phalin, Orlando, for Sentinel Star Co. and Brian Howland, amicus curiae.
Joseph P. Averill, Miami, for Miami Daily News, Inc., amicus curiae.
ENGLAND, Justice.
This case was brought to us by petition for writ of certiorari directed to the First District Court of Appeal, asking that we reverse the decision of that court, reported at 336 So.2d 139, as being in direct conflict with this Court's decisions in Bryant v. Gray, 70 So.2d 581 (Fla. 1954), and Ervin v. City of North Miami Beach, 66 So.2d 235 (Fla. 1953). We have jurisdiction to review the district court's decision.[1]
Respondents filed an amended complaint seeking a declaratory judgment concerning the effect on their processes of the so-called "government in the sunshine" law, Section 286.011, Florida Statutes (1975). They allege that the Ocala City Council met privately with its attorney on one occasion in 1974 to discuss pending litigation in which officials of Ocala were party defendants. The local state attorney, one of the petitioners here, advised the city council in reliance on an opinion of the Attorney General[2] that it was unlawful for the council to meet in private with its attorney for the purpose of transacting public business. He concluded that no action would be taken as to any past act of council members, but he warned that future meetings of the council and its attorney in private would result in his charging a violation of the statute. The Marion County School Board joined in the complaint alleging that it was a party to pending litigation, and that its attorney desired *310 to consult with the board in private. Together the several respondents challenge the Attorney General's advisory opinion, seeking judicial authority to conduct future meetings with their attorneys in private.
Despite the interest this case has engendered because it touches on the "government in the sunshine" law,[3] the opinion brought to us for review deals only with an interpretation of the declaratory relief statute.[4] The district court held that the trial court had improperly dismissed the amended complaint for failure to state a cause of action, in that the amended complaint contains all of the essential elements for declaratory relief. It is this conclusion alone which is now before us.
In our view the amended complaint in this case does not present to the circuit court a justiciable controversy under the declaratory relief statute. In the Ervin case a city similarly sought to challenge an attorney general's opinion regarding the city's power to set speed limits on state and federal highways. We there held that the courts have no power to entertain a declaratory judgment action which involves no present controversy as to the violation of the statute, and where the judgment sought will not constitute a binding adjudication of the rights of the parties. In the Bryant case we again held that the absence of a present controversy is fatal to a declaratory action seeking to adjudicate possible violations of a law.
As in Ervin and Bryant, there exists between respondents and the named petitioners[5] no present dispute, only a desire by these public officials to meet in the future privately with their attorneys and to ward off possible consequences. It seems to us that respondents really seek judicial advice which is different from that advanced by the Attorney General and the state attorney, or an injunctive restraint on the prosecutorial discretion of the state attorney. Neither is available under the guise of declaratory relief, and we hold that the complaint fails to state a cause of action.[6]
The decision of the district court is quashed and the case is remanded with instructions to affirm the action of the trial court in dismissing respondents' amended complaint.[7]
OVERTON, C.J., and SUNDBERG, HATCHETT and KARL, JJ., concur.
ADKINS and BOYD, JJ., dissent.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] Att'y Gen.Op. 073-56.
[3] In addition to the arguments from petitioners and respondents, we received the views of the Sentinel Star Company, Brian Howland, the City of Miami, the Miami Daily News, Inc., the Miami Herald Publishing Company and the Ocala Star-Banner Corporation, all as amici curiae, as to the scope of Section 286.011.
[4] Chap. 86, Fla. Stat. (1975).
[5] In fact, none of the petitioners but state attorney Oldham has the initial or direct power to enforce violations of the sunshine law.
[6] In May v. Holley, 59 So.2d 636, 639 (Fla. 1952), the elements essential to a complaint for declaratory relief are set out with some precision. Absent from respondents' amended complaint in this case are the May requirements of a "bona fide, actual, present practical need for the declaration", a "present, ascertained or ascertainable state of facts", and a need for relief which is "not merely the giving of legal advice."
[7] Judge D.C. Smith reached the identical conclusion in a similar suit brought in the 19th Judicial Circuit in and for Indian River County. Indian River County School Board v. Stone, Case No. 76-1003, Order filed March 8, 1977. Pending in the 11th Judicial Circuit is a suit by the local state attorney against the Miami City Commission and its attorney, which seeks a declaratory judgment as to the application of the public meetings law to those persons. State ex rel. Gerstein v. Ferre, Case No. 77-4534. Obviously we express no view concerning that litigation.