DANAHY, Judge.
The appellant (the Club), a corporation, brought this action for a declaratory judgment as to the constitutionality of an ordinance of Hillsborough County prohibiting the exhibition of animals fighting and related activities. The trial judge entered an amended final judgment adverse to the Club and it appeals. We reverse with directions that the trial judge enter a final judgment dismissing the action.
In the amended final judgment, the trial judge concluded that the trial court lacked subject matter jurisdiction with respect to the relief prayed for and that the matter should be dismissed. The amended final judgment goes on to say that if the trial court does in fact have jurisdiction to render a declaratory judgment in this proceeding, it was the ruling of the trial judge that the ordinance in question is constitutional. We believe the trial judge was eminently correct in his conclusion that the action should be dismissed. Consequently, the trial judge erred in reaching the constitutional issues.
The courts have no power to entertain a declaratory judgment action which involves no justiciable controversy. Askew v. City of Ocala, 348 So.2d 308 (Fla.1977); Ervin v. City of North Miami Beach, 66 So.2d 235 (Fla.1953). In the Ervin case, the court quoted with approval the following language from Anderson on Declaratory Judgments, Vol. 1, 2d Ed., page 77:
In other words, if the construction or validity of a statute or an ordinance is drawn in question, the courts will not entertain an action based thereon, seeking a determination as to either the construction or the validity thereof, where there is no controversy as to the violation of such statute or ordinance. In these circumstances there is no justiciable controversy.
Repeating the rule that the right to a declaratory judgment depends upon a justiciable controversy, this court has said that generally the constitutionality of a criminal statute should be determined either in a proceeding wherein one is charged with violating the statute or in an action alleging an imminent threat of such a prosecution. Duran v. Wells, 307 So.2d 259 (Fla. 2d DCA 1975). Neither of these circumstances is present in this case. The complaint merely says that “[the Club] and its members could perhaps be subject to future arrests and convictions if they continue to engage in the sport of eockfight-ing.” There is no allegation and no evidence in the record that the Club, a corporation, has ever been threatened with prosecution under the ordinance in question. It is apparent from a reading of the complaint and the Club’s brief on this appeal that the Club is really concerned about the activities of its individual members and is seeking an advisory decree for their benefit. Giving such advice is not the function of the *520 courts. Since the Club itself has failed to allege or demonstrate that there is an imminent threat of prosecution of the Club for violation of the ordinance, the Club has failed to establish its right to a declaratory judgment in these proceedings.
For the foregoing reasons, we reverse with directions that the trial judge enter a new final judgment dismissing this action for lack of a justiciable controversy.
GRIMES, A.C.J., and LEHAN, J., concur.