806 So.2d 616 (2002)
INTRINSIC VALUES CORPORATION, Appellant,
v.
SUPERINTENDENCIA DE ADMINISTRACTION TRIBUTARIA, First Union National Bank, Barclays Bank PLC, Miami Agency, Appellees.
No. 3D01-3390.
District Court of Appeal of Florida, Third District.
February 6, 2002.
*617 Douglas Mark Kramer and Robert H. Yaffee, for appellant.
Goldstein, Tanen and Trench and Susan Trench; Gallwey Gillman Curtis Vento & Horn and Karen H. Curtis and Stephen B. Gillman; Zuckerman Spaeder and Walter J. Tache, for appellees.
Before COPE, SHEVIN and RAMIREZ, JJ.
SHEVIN, Judge.
Intrinsic Values Corporation appeals an order denying its motion to dissolve a temporary injunction. We affirm.
Superintendencia de Administracion Tributaria, the Guatemala tax administration agency, entered into a contract with Intrinsic, a Panamanian corporation, for the purchase of automobile license plates, decals and identification cards. At Superintendencia's request, Banco de Guatemala issued irrevocable letters of credit for Intrinsic's benefit; First Union National Bank and Barclays Bank, PLC, were the confirming banks.
Based on Intrinsic's failure to supply the goods, Superintendencia unilaterally canceled the contract, as provided therein. Superintendencia filed an action against Intrinsic in Guatemala, the forum selected in the parties' agreement. The Guatemala court issued an injunction barring Banco de Guatemala from paying on the letters of credit.
Subsequently, in Florida, Superintendencia brought an action pursuant to section 675.109(2), Florida Statutes (2001)to prevent First Union and Barclays from honoring the letter of credit.[1] Superintendencia asserted that it had canceled the contract due to Intrinsic's failure to perform according to contract specifications, that the Guatemalan injunction was in force, and that honor of any presentment by Intrinsic would facilitate a material fraud. Intrinsic was not named in the complaint, nor served with notice. The court entered an agreed-upon injunction. Intrinsic learned of the injunction when it *618 sought payment under the letter of credit. Intrinsic intervened in the action and sought an order dissolving the injunction. Following an evidentiary hearing, the court denied the motion.[2]
The trial court properly denied Intrinsic's motion to dissolve the temporary injunction. In support of its request for a temporary injunction, Superintendencia presented two bases for the injunction: presentment would result in a material fraud; and comity militated in favor of the injunction. The temporary injunction was properly entered on those bases.
Section 675.109(2) provides:
(2) If an applicant claims that a required document is forged or materially fraudulent or that honor of the presentation would facilitate a material fraud by the beneficiary on the issuer or applicant, a court of competent jurisdiction may temporarily or permanently enjoin the issuer from honoring a presentation or grant similar relief against the issuer or other persons only if the court finds that:
(a) The relief is not prohibited under the law applicable to an accepted draft or deferred obligation incurred by the issuer;
(b) A beneficiary, issuer, or nominated person who may be adversely affected is adequately protected against loss that it may suffer because the relief is granted;
(c) All of the conditions to entitle a person to the relief under the laws of this state have been met; and
(d) On the basis of the information submitted to the court, the applicant is more likely than not to succeed under its claim of forgery or material fraud and the person demanding honor does not qualify for protection under paragraph (1)(a).
As required under the statute, Superintendencia demonstrated that honoring a presentation would facilitate a material fraud by the beneficiary on the issuer or applicant. The record demonstrates as follows: Intrinsic did not perform in accordance with the contract; Superintendencia had canceled the contract; Superintendencia notified Intrinsic of cancellation, and had obtained an injunction against payment by the issuing bank; and Superintendencia had brought this action to prevent Intrinsic from committing a material fraud by presenting documents for payment of the letter of credit. Superintendencia also demonstrated, more likely than not, that it would succeed on the material fraud claim. Itek Corp. v. First Nat'l Bank of Boston, 730 F.2d 19 (1st Cir.1984); Rockwell Int'l Sys. v. Citibank, N.A., 719 F.2d 583 (2d Cir.1983); Touche Ross & Co. v. Manufacturers Hanover Trust Co., 107 Misc.2d 438, 434 N.Y.S.2d 575 (Sup.Ct.1980).
The Uniform Commercial Code Comment to section 675.109 addresses the propriety of awarding an injunction under the factual scenario in this case. "Material fraud by the beneficiary occurs only when the beneficiary has no colorable right to expect honor and where there is no basis in fact to support such a right to honor." U.C.C. § 5-109 (1999) cmt. 1. Here, Intrinsic was aware that the contract had been canceled prior to presentment. Under these circumstances Intrinsic's demand for payment had "absolutely no basis in fact;" the Guatemala injunction forbid the issuer's payment on letters of credit based on this contract. Thus, the facts demonstrate the possibility of a "`fraud' so serious as to make it obviously pointless and *619 unjust to permit the beneficiary to obtain the money." U.C.C. § 5-109 (1999) cmt. 1 (quoting Ground Air Transfer, Inc. v. Westates Airlines, Inc., 899 F.2d 1269, 1272-73 (1st Cir.1990)). Under this scenario, section 675.109 contemplates the issuance of an injunction. We, therefore, hold that the trial court properly denied the motion to dissolve the temporary injunction.
The temporary injunction is also properly granted based on principles of comity. A foreign decree "is entitled to comity, where the parties have been given notice and the opportunity to be heard, where the foreign court had original jurisdiction, and where the foreign decree does not offend the public policy of the State of Florida." Nahar v. Nahar, 656 So.2d 225, 229 (Fla. 3d DCA), review denied, 664 So.2d 249 (Fla.1995). Here, the Guatemala court had jurisdiction, in accordance with the parties' contract, to resolve the controversy over Intrinsic's performance vel non, and Intrinsic had notice and opportunity to be heard in that forum. As Florida's jurisdiction and due process requirements had been met, the Guatemala injunction is entitled to comity. Absent the Florida injunction, the confirming banks would be required to honor payment requests under the letter of credit, but the Guatemala injunction would bar reimbursement from the issuing bank. As a result, the trial court properly enjoined payment on the letter of credit to render effective the Guatemala injunction and to preserve the status quo pending a final decree of the Guatemala court. See Cardenas v. Solis, 570 So.2d 996 (Fla. 3d DCA 1990)(applying comity principles to enforce Guatemala court temporary injunction), review denied, 581 So.2d 163 (Fla.1991).
Based on the foregoing, the trial court's order denying the motion to dissolve the temporary injunction is hereby,
Affirmed.
NOTES
[1] Although Banco de Guatemala originally issued two letters of credit, one expired by its own terms prior to commencement of this action.
[2] The evidentiary hearing held on Intrinsic's motion to dissolve the injunction renders moot Intrinsic's notice challenge. See State v. Beeler, 530 So.2d 932, 934 (Fla.1988).