PER CURIAM.
Jose Luis Jara Guggiari, and Eulalia Acosta Jara Peralta, husband and wife in a Paraguayan divorce proceeding, dispute the ownership of some $800,000, in certificates of deposit, located in a Miami bank.[1] Ms. Peralta filed an action in a Dade circuit court, arguing .that a Paraguayan judgment issued in her favor entitled her to the asset. Mr. Jara Guggiari maintained the judgment was under appeal, and he was entitled to immediate release of the funds, which were in his name. Initially, the Miami trial court issued an order reflecting its intention to honor the Paraguayan judgment, see § 55.601 Fla. Stat. (2001), however a corrected order, instructed Ms. Peralta to post a bond, or suffer the release of the funds to Mr. Jara Guggiari. On the concession of Mr. Jara Guggiari that no bond was required, we remanded for removal of the bond requirement and issuance of a stay pending the Paraguayan appeal. In compliance with our instruction, the trial court vacated the bond requirement and issued the stay.
Consequently, there is nothing presently to appeal other than Mr. Jara Guggiari’s claim to his immediate entitlement to the funds. We find this claim to be without merit. See Intrinsic Values Corp. v. Superintendencia De Administracion Tributaria, 806 So.2d 616 (Fla. 3d DCA 2002) citing Nahar v. Nahar, 656 So.2d 225, 229 (Fla. 3d DCA 1995)(A foreign decree “is entitled to comity, where the parties have been given notice and the opportunity to be heard, where the foreign court had original jurisdiction, and where the foreign decree does not offend the public policy of the State of Florida.”) When the Miami trial court has been apprized of the results of the Paraguayan appellate proceedings and makes its ultimate ruling, either party may appeal that decision, as of right. Any further action by this court now would be *474 no more than an advisory opinion, which, of course, we will not issue. See Sabio v. Russell, 472 So.2d 869 (Fla. 3d DCA 1985); see also Ervin v. City of North Miami Beach, 66 So.2d 235 (1953).
Affirmed.

. Approximately $800,000 has been distributed to the husband. The question here is entitlement to the balance. With conflicting claims made upon it, the bank successfully brought an interpleader action. See Guggiari v. Bank of America, N.A., 785 So.2d 493 (Fla. 3d DCA 2001).