PER CURIAM.
At the outset the reader is referred to Intrinsic Values Corporation v. Superintendencia De Administracion Tributaria, 806 So.2d 616 (Fla. 3d DCA 2002).
In this second appearance of the matter, Intrinsic, the Intervenor in this ancillary Florida proceeding, sought to increase the $1000.00 bond in place to protect its rights. It asserts that it has demonstrated evidence that necessarily requires substantial increase of the bond. In the evidentiary hearing it was borne out that Barclays indeed refused to honor presentments made to it. During the pendency of the injunction it had been modified so as to preserve Intrinsic’s right to seek payment through the injunction. However, the *449 presentments were rejected for reasons unrelated to the injunction. At the eviden-tiary hearing on somewhat conflicting evidence, it was established that presentments offered to First Union and Barclays by Intrinsic were rejected because the documentation did not precisely conform to the letter of credit. The non-conforming presentments were properly rejected by the banks for non-compliance with the letter of credit. Fidelity National Bank of South Miami v. Dade County, 371 So.2d 545.[1]
Therefore, despite the fact that Intrinsic may have incurred additional expenses in attempting to satisfy its customer and protect its litigation rights, the letters of credit were properly dishonored and shortly thereafter expired by their own term. Therefore, there was no abuse of discretion by the chancellor in not requiring an increase in the bond.
Affirmed.

. This statement will have no effect on the declaratory action brought by Intrinsic to determine whether the presentments in fact conformed to the letter of credit.