NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING

MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TREASURE CHEST POKER, LLC,            )
                                      )
            Appellant,                )
                                      )
v.                                    )        Case No.    2D15-3508
                                      )
DEPARTMENT OF BUSINESS AND            )
PROFESSIONAL REGULATION,              )
DIVISION OF ALCOHOLIC                 )
BEVERAGES AND TOBACCO,                )
                                      )
            Appellee.                 )
_____)

Opinion filed June 30, 2017.

Appeal from the Circuit Court for
Pinellas County; Anthony Rondolino,
Judge.

William A. Van Nortwick, Jr., of Akerman
LLP, Jacksonville; Diane G. DeWolf of
Akerman LLP, Tallahassee; and G.
Andrew Gracy of Peebles & Gracy, P.A.,
Dunedin, for Appellant.

William N. Spicola, Magdalena
Ozarowski, Megan Kachur, and Dwight
O. Slater, Tallahassee, for Appellee.


KELLY, Judge.

Treasure Chest Poker, LLC, filed this action for declaratory judgment against the Florida Department of Business and Professional Regulation, Division of Alcoholic Beverages and Tobacco, seeking a declaration that the Department had improperly given notices of noncompliance to establishments that were Treasure Chest's customers.[1]  The trial court entered a final declaratory judgment adverse to Treasure Chest, and it appeals.  We do not reach the merits of this appeal because we conclude the trial court lacked jurisdiction to enter a declaratory judgment.[2]  Accordingly, we reverse the judgment and remand with directions to dismiss the complaint with prejudice.

Treasure Chest operates free poker games in businesses regulated by the Department's Division of Alcoholic Beverages.  The Department issued notices to Treasure Chest's customers stating it had received a complaint that Treasure Chest was conducting "games of chance" on their premises.  It further advised that "it is a violation of Chapter 849, Florida Statutes, to allow or permit gambling implements or gambling activities on your licensed premises."  The notices also state "[n]o administrative or criminal charges are being filed at this time."  Treasure Chest alleges

---

[1]Chapter 86, Florida Statutes, authorizes courts to enter declaratory judgments.  See §§ 86.011-111, Fla. Stat. (2014).

[2]The Department moved to dismiss Treasure Chest's complaint for failure to state a cause of action for declaratory relief.  The trial court denied the motion.  The Department did not raise the denial of its motion as an issue on appeal.  However, failure to state a proper claim for declaratory relief is jurisdictional.  Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190, 1192-93 (Fla. 1995); Bryant v. Gray, 70 So. 2d 581, 584-85 (Fla. 1954); Colby v. Colby, 120 So. 2d 797, 799-800 (Fla. 2d DCA 1960).  Even though the Department did not question the trial court's jurisdiction, we are nevertheless required to address the issue.  See Polk County v. Sofka, 702 So. 2d 1243, 1245 (Fla. 1997); 84 Lumber Co. v. Cooper, 656 So. 2d 1297, 1299 (Fla. 2d DCA 1994).

by issuing these notices the Department "has placed [Treasure Chest] and its customers in fear that they will be criminally or administratively prosecuted for engaging in activities that are, in fact, legal."  The complaint asked the court to declare that Treasure Chest's poker games did not violate chapter 849 "or any other law" and accordingly, the Department had no authority to issue the notices of noncompliance.  We conclude Treasure Chest's complaint was insufficient to invoke the jurisdiction of the circuit court to enter a declaratory judgment.

The standard for determining the sufficiency of a declaratory judgment complaint is set forth in May v. Holley, 59 So. 2d 636 (Fla. 1952):

> Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

Id. at 639.  "Thus, absent a bona fide need for a declaration based on present, ascertainable facts, the circuit court lacks jurisdiction to render declaratory relief."  Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190, 1193 (Fla. 1995); see also Bryant v. Gray, 70 So. 2d 581, 584-85 (Fla. 1954); Grable v. Hillsborough Cty. Port Auth., 132 So. 2d 423, 425-26 (Fla. 2d DCA 1961); Colby v. Colby, 120 So. 2d 797, 799-800 (Fla. 2d DCA 1960).  Courts will not determine the

construction or validity of a statute or ordinance in the absence of a justiciable controversy. Ervin v. City of North Miami Beach, 66 So. 2d 235, 236-37 (Fla. 1953). Where the statute or ordinance at issue is criminal, this court has held that generally, unless someone is charged with violating the statute or prosecution is imminent, a declaratory judgment action to determine the construction or validity of a criminal statute lacks a justiciable controversy. El Faison Dorado, Inc. v. Hillsborough County, 483 So. 2d 518, 519 (Fla. 2d DCA 1986); Duran v. Wells, 307 So. 2d 259, 261-62 (Fla. 2d DCA 1975).

Our decision in El Faison is instructive. The appellant was a club that brought an action for declaratory relief as to the constitutionality of a county ordinance prohibiting the exhibition of animals fighting. 483 So. 2d at 519. Explaining why the case did not present a justiciable controversy we stated:

> The complaint merely says that "[the Club] and its members could perhaps be subject to future arrests and convictions if they continue to engage in the sport of cockfighting." There is no allegation and no evidence in the record that the Club, a corporation, has ever been threatened with prosecution under the ordinance in question. It is apparent from a reading of the complaint . . . that the Club is really concerned about the activities of its individual members and is seeking an advisory decree for their benefit.

Id. We concluded that because the Club had failed to allege or demonstrate that it faced an imminent threat of prosecution for violating the ordinance it was not entitled to declaratory relief. Id. at 520.

With these principles in mind, we conclude that Treasure Chest's allegations were insufficient to entitle it to declaratory relief. Treasure Chest did not allege that it faces an imminent threat of administrative action or criminal prosecution.

- 4 -

Its complaint alleges only that the notices have "placed it in fear" that it will be criminally or administratively prosecuted. At best, Treasure Chest has asserted a "speculative fear of harm that may possibly occur at some time in the indefinite future." State v. Fla. Consumer Action Network, 830 So. 2d 148, 152 (Fla. 1st DCA 2002). Further, even if the Department's action in issuing these notices could somehow be construed to have created a justiciable controversy, the controversy would have been between Treasure Chest's customers and the Department. See Bryant, 70 So. 2d at 584-85; Grable, 132 So. 2d at 425-26. Treasure Chest's complaint acknowledges that only its customers are regulated by the Department. Thus, it does not face even the possibility of "administrative prosecution" from the Department. As to the possibility of criminal prosecution, the Department is not the entity charged with enforcing chapter 849. So, to the extent Treasure Chest alleges it fears the possibility of prosecution, it has sought relief against the wrong entity.

Treasure Chest's complaint did not establish it was entitled to a declaratory judgment. Accordingly, the trial court did not have jurisdiction, and it should have dismissed the action without addressing the merits. We reverse the judgment and remand with directions to the trial court to dismiss Treasure Chest's complaint with prejudice.

Judgment reversed; remanded with directions.

BLACK and BADALAMENTI, JJ., Concur.

- 5 -