NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDY G. STRICKLAND,                    )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D17-3984
                                       )
PINELLAS COUNTY, FLORIDA,              )
                                       )
          Appellee.                    )
_____)

Opinion filed December 12, 2018.

Appeal from the Circuit Court for
Pinellas County; Jack Day, Judge.

William D. Slicker, St. Petersburg, for
Appellant.

Ashley N. Donnell, Assistant County
Attorney, Pinellas County Attorney's
Office, Clearwater, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

          Andy G. Strickland appeals an order dismissing with prejudice his

complaint for declaratory relief against Pinellas County.[1]  We affirm because his

complaint failed to state a cause of action for declaratory relief.

_____

          [1]Strickland identified the defendant as the Board of Commissioners of
Pinellas County, but as the County pointed out below, Pinellas County is the proper

In June 2017, Strickland filed a complaint in circuit court alleging the following:

On March 4, 2016, his neighbor's dog was "running free" and attacked his dog without provocation. His neighbor then filed an affidavit with Pinellas County Animal Services falsely accusing his dog "of being the aggressor dog." Based solely on that affidavit, which he was not given an opportunity to challenge, Pinellas County Animal Services then sent him a letter entitled "Notification of Dangerous Propensities," informing him that "Animal Services had reason to believe that [his] dog had exhibited dangerous propensities and that if a future incident occurred, [he] could be criminally charged." In response to a letter that he subsequently sent to the Pinellas County Board of County Commissioners on the matter, he received another letter stating that "it has been determined that [his dog] is potentially exhibiting dangerous propensities that could potentially deem him dangerous."

Strickland claimed that the action taken by Animal Services "was agency action that required due process to determine the validity of the allegations in the affidavit" and that the action "was done without due process since [he] was never given the opportunity to dispute what was stated in the [a]ffidavit." He claimed further that he "is in doubt as to his rights due to the threat of criminal prosecution . . . and is entitled to have such doubt removed."

Strickland attached to his complaint the two letters that he had received from the County. The first letter—a "NOTIFICATION OF DANGEROUS

entity. See § 125.15, Fla. Stat. (2016) ("The county commissioners shall sue and be sued in the name of the county of which they are commissioners.").

- 2 -

PROPENSITIES" dated April 6, 2016—was from the director of Pinellas County Animal Services and informed Strickland that in accordance with chapter 767, Florida Statutes, Animal Services had conducted "a dangerous animal investigation" of his dog. The letter stated, in part:

> **After reviewing the incident of: January 14th, 2015[,] and March 4th, 2016**[,] a decision was made *not* to classify the animal at this time. While circumstances may not cause your pets to fall into the dangerous category at this time, Animal Services has reason to believe that **your dog has exhibited dangerous propensities** and it is incumbent on you, the animal owner, to insure that no other incidents occur. If a future incident does occur, depending on the circumstances, you could be charged criminally.
>
> . . . .
>
> Pinellas County has determined that animals not classified dangerous pursuant to State and County law can still pose a serious risk to public health and safety. Although your animal has not been classified as dangerous, you could still be classified as an **Irresponsible Pet Owner** under section 14-38 of the Pinellas County Code if you are found to have two previous convictions for Animal Safety and Welfare Violations occurring on separate dates.
>
> I emphasize that, at this time, Animal Services **did not** make a determination to classify your animal(s) dangerous or you as an irresponsible owner. However, steps should now be taken to correct situations that may contribute to its misbehavior.

(Emphases in original.)

The letter set forth sections 767.01, 767.13(2), and 784.05(1), Florida Statutes (2015), which apply to owners whose dogs have caused damage, injury, or death. That version of section 767.13(2), notably, prescribed criminal liability for an owner "[i]f a dog that has not been declared dangerous attacks and causes severe injury to or death of any human . . . [and] the owner of the dog had prior knowledge of

- 3 -

the dog's dangerous propensities, yet demonstrated a reckless disregard for such propensities under the circumstances."[2]

The letter further advised Strickland of measures that "should now be taken to correct situations that may contribute to [his dog's] misbehavior":

> First, I recommend that the animal be sterilized if it has not already been done. Other measures include stronger leashes, repair of fence/gate, secure marked enclosures, **muzzle your pet**(s) when out on walks, and positive control of your pet(s). You may find Obedience Training to be of great help in preventing a potentially serious problem in the future.

(Emphases in original.)

The second letter, dated May 31, 2017, and signed by an assistant county attorney, stated that Animal Services had "determined that [Strickland's dog] would **not** be classified as dangerous" and that Strickland "would **not** be classified as an 'irresponsible pet owner.' "[3] The letter went on to state that Animal Services nonetheless had "determined that [the dog] is potentially exhibiting dangerous propensities that could potentially deem him dangerous" and that Animal Services had provided information "for responsible pet ownership." The letter further stated that "the County has determined that no further action is deemed appropriate."

---

[2]Section 767.13(2) has since been amended and no longer imposes liability for a dog that has not been declared dangerous. See ch. 2016-16, § 3, Laws of Fla. (effective March 8, 2016).

[3]This letter was in response to a "notice of claim" letter sent by Strickland's attorney on May 26, 2017, which stated that pursuant to section 768.28, Florida Statutes, Strickland "gives notice that he is in doubt as [to] his rights due" to the first letter he received and "that he intends to pursue an action to clarify his rights."

- 4 -

The County moved to dismiss Strickland's complaint for declaratory relief, arguing that Strickland had failed to allege a justiciable controversy and a bona fide dispute between the County and him. The County asserted that no legal findings had been made regarding Strickland's dog and that the letter from Animal Services served only to warn Strickland of "possible ramifications and relevant law." Strickland responded that his complaint met the requirements for declaratory relief because the letters contained findings that his dog has "dangerous propensities" and he faces the threat of criminal prosecution. He argued that he was "contesting that the County found that [his dog] had allegedly exhibited dangerous propensities without following any due process."

The trial court summarily granted the County's motion to dismiss and dismissed Strickland's complaint with prejudice, stating: "The statement in question, 'We have reason to believe your dog, etc.' is not accusatory and merely reflects the existence of an allegation, a fact that is undisputed. The case presents no justiciable issue."

On appeal, Strickland argues that the trial court erred in dismissing his complaint because he met the standard for declaratory relief. This court reviews the trial court's dismissal de novo. See Ribaya v. Bd. of Trs. of City Pension Fund for Firefighters & Police Officers in City of Tampa, 162 So. 3d 348, 352-53 (Fla. 2d DCA 2015) ("[W]hen a defendant challenges a complaint for declaratory relief on the ground that it fails to state a cause of action, i.e., that it is legally insufficient, the trial court rules on that motion as a matter of law. In that situation, this court reviews the order de novo as an issue of law." (footnote omitted)).

A complaint for declaratory relief must allege the following:

(1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or nonexistence of some right, status, immunity, power or privilege, or as to some fact upon which existence of such a claim may depend; (3) the plaintiff is in doubt as to the claim; and (4) there is a bona fide, actual, present need for the declaration.

Id. at 352. "Thus, absent a bona fide need for a declaration based on present, ascertainable facts, the circuit court lacks jurisdiction to render declaratory relief." Treasure Chest Poker, LLC v. Dep't of Bus. & Prof'l Regulation, 238 So. 3d 338, 341 (Fla. 2d DCA 2017) (quoting Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings, 661 So. 2d 1190, 1193 (Fla. 1995)).

The trial court correctly dismissed Strickland's complaint because his allegations did not establish a present, bona fide dispute between him and the County that places him in doubt regarding his rights. Although the County stated that his dog exhibits potentially "dangerous propensities," which is a term used in section 767.13(2), designating an animal as having "dangerous propensities" as that term is used in section 767.13(2) is not within the County's authority.[4] See generally § 767.12. At oral argument, the attorney for the County confirmed that the sole purpose of the letters was to inform Strickland that there had been a complaint against his dog but that Animal Services was taking no action based on the results of its investigation. Indeed, both

[4]If Animal Services had instead preliminarily determined that Strickland's dog was dangerous, Strickland would clearly have been entitled to notice and a hearing before any final determination was made. See § 767.12(1) (requiring animal control authority to investigate reported incidents involving any dog that may be dangerous, allowing an owner the opportunity for a hearing prior to making a final determination, allowing the owner to file a written request for a hearing and requiring a hearing to be held as soon as possible, and then allowing the owner to appeal to the county court).

- 6 -

letters emphasized that Strickland's dog had not been classified as dangerous and that while subject to various ordinances and statutes, Strickland does not face an imminent threat of prosecution any more than does any other dog owner. See BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So. 3d 936, 938 (Fla. 2d DCA 2010) ("When exhibits are attached to a complaint, the contents of the exhibits control over the allegations of the complaint.").

The allegations and exhibits, therefore, establish that Strickland has only a fear that he may be subject to legal consequences if something further happens with his dog.[5] Such a speculative fear is not sufficient to warrant declaratory relief. See Treasure Chest, 238 So. 3d at 341 (holding that operator of poker games was not entitled to declaratory relief where it "did not allege that it faces an imminent threat of administrative action or criminal prosecution" but alleged "only that the notices [it received from the regulatory agency] have 'placed it in fear' that it will be criminally or administratively prosecuted"); El Faison Dorado, Inc. v. Hillsborough County, 483 So. 2d 518, 520 (Fla. 2d DCA 1986) ("Since the [plaintiff] has failed to allege or demonstrate that there is an imminent threat of prosecution . . . for violation of the ordinance, the [plaintiff] has failed to establish its right to a declaratory judgment in these proceedings."). Accordingly, the trial court correctly dismissed Strickland's complaint.

Affirmed.

SILBERMAN and ATKINSON, JJ., Concur.

---

[5]Although the County's language regarding the dog's possibly dangerous propensities was intended solely to inform Strickland of negative consequences that he, like any dog owner, could face in the future, we understand how that language might strike just such a fear in a dog owner receiving the letter. The County may wish to consider using less problematic language in the future.